

EOD
04/06/2006

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| IN RE: § | | |
| § | | |
| D.K. RICE, INC. § | | Case No. 04-61534 |
| § | | |
| Debtor § | | Chapter 7 |

| | | |
|---|---|---|
| JOHN McKINNEY, Individually and § | | |
| d/b/a McKinney Construction § | | |
| § | | |
| Plaintiff § | | |
| v. § | | |
| § | | |
| JPMORGAN CHASE BANK, N.A. § | | |
| f/k/a BANK ONE, N.A. § | | |
| § | | |
| Intervenor- § | | |
| Defendant § | | |
| and § | | Adversary No. 05-6023 |
| § | | |
| D.K. RICE, INC. d/b/a Concept § | | |
| Electric and BOB ANDERSON, § | | |
| Chapter 7 Trustee § | | |
| § | | |
| Defendants § | | |

**MEMORANDUM OF DECISION**[1]

In the context of considering competing motions for summary judgment filed by

the Plaintiff, John McKinney ("Plaintiff"), and the Intervenor-Defendant, JPMorgan

Chase Bank, N.A. ("Chase") in the above-referenced adversary proceeding, this Court has

---

[1] This Memorandum of Decision is not designated for publication and shall not be considered as precedent, except under the respective doctrines of claim preclusion, issue preclusion, the law of the case or as other evidentiary doctrines applicable to the specific parties in this proceeding.

considered the propriety of an entry of a declaratory judgment, pursuant to the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §2201(a), which is sought by the Plaintiff and by Chase in resolution of the claims of various parties against a $50,000 sum of money on deposit with the Clerk of the County Court at Law Number 2 of Gregg County, Texas. Upon abandonment of any right to claim an interest in such registry sums by Bob Anderson, the duly-appointed trustee for the Chapter 7 Estate of D. K. Rice, Inc., this Court has serious reservations about the propriety and/or advisability of issuing a declaratory judgment on purely state law issues, involving sums actually deposited into, and being held by, a state court, when such a decision now effectively involves a dispute between non-debtor parties which will have absolutely no effect on the administration of the bankruptcy estate in the above-referenced Chapter 7 case.[2] For the following reasons, the Court elects to abstain from exercising its jurisdiction under the DJA and concludes that dismissal of this adversary proceeding is the proper course of action under the present circumstances.

The Federal Declaratory Judgment Act provides that a court "*may* declare the rights and other legal relations of any interested party seeking such declaration. . . ." 28

---

[2] Though the Court has considered whether to allow the parties to tender written submissions in response to the Court's concerns, the Court has concluded that the current circumstances require deference to the state courts and dismissal of the present action and thus sees no worthwhile purpose served to compel the parties to divert more of their judicial resources into this action.

U.S.C. §2201(a) (emphasis added). However, consideration of a declaratory judgment action is discretionary, *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995) ["Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants."]; and a federal court must always consider "whether the questions in controversy between the parties to the federal suit . . . can better be settled in the proceeding pending in state court." *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942).

The Fifth Circuit has identified seven nonexclusive factors that should direct the decision of whether to exercise jurisdiction in a declaratory judgment action:

> (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated;
> (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;
> (3) whether the plaintiff engaged in forum shopping in bringing the suit;
> (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;
> (5) whether the federal court is a convenient forum for the parties and witnesses; . . .
> (6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy; and . . .
> [(7)] whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

*St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590-91 (5th Cir. 1994).

The first *Trejo* factor militates strongly in favor of abstention. The very issue upon which both the Plaintiff and Chase seek a declaratory judgment — whether the Debtor

-3-

could, or did, relinquish any claim to the $50,000 deposited in the registry of the Gregg County Court at Law #2 or whether Chase maintains a lien on those funds as the holder of a properly perfected security interest in the Debtor's accounts — relates directly to a pending state court case between the Plaintiff and the Defendant-Debtor before the very court into whose registry the funds were deposited. That court is best suited to decide any dispute regarding the characterization of funds in its own registry and the legal effect of the tender of those funds by the Debtor. While it is true that Chase had not intervened in the state court case at the time that it was stayed by the filing of the Debtor's Chapter 7 bankruptcy petition, such an intervention into the state court case can be easily accomplished by Chase without loss of significant time nor the necessity of extraordinary effort. Such a price is a small one to pay in order to respect the bounds of federalism and to insure that bankruptcy courts do not unnecessarily become entangled in issues of state law involving non-debtor parties.

Though at first glance consideration of *Trejo* factors 5 and 6 may appear to favor retention,[3] the factors of convenience and judicial economy in this context cannot override the compelling case for abstention. A return to the Gregg County court in Longview is not inconvenient in comparison to Tyler and judicial economy

---

[3] It appears to the Court that factors 2, 3, and 4 are inapplicable to the present dispute.

considerations must include a deferential nod to the proposition that federal bankruptcy courts ought to be deciding matters that affect bankruptcy cases and avoid becoming engaged in other types of disputes. Bankruptcy courts have a specialized role in the scheme of dispute resolution, and their expertise is best utilized in deciding cases rooted in bankruptcy issues. *See In re Austin Dev. Co.*, 19 F.3d 1077, 1084 (5th Cir. 1994) [noting that once a lease is no longer part of the bankruptcy estate, the rights of a secured lender holding an interest in a debtor's rejected leasehold rights should be decided by a state court]. Given the extremely busy nature of the docket pending before this Court, it seems prudent and economical to reserve and apply the judicial resources of this Court to the adjudication of matters directly related to the administration of bankruptcy cases.

Finally, although *Trejo* factor #7 is not directly applicable, a similar consideration is equally compelling. The rights sought to be determined through this declaratory judgment action pertain entirely to issues of state law. Chase seeks to enforce its state law right to a consensual lien, while McKinney seeks to validate a statutory lien arising under state law, to advance a theory regarding state law contractor/subcontractor statutory trusts, and to determine the state law effect of depositing funds in the registry of the state court. More importantly, it simply makes sense to allow a state court, utilizing and construing state law, to decide competing claims to funds residing in its own registry. If

Chase wants to assert a security interest against those funds, the burden imposed upon it by requiring it to seek such relief in the court controlling that registry seems minimal.

For the foregoing reasons, the Court will exercise its discretion to forego consideration of this declaratory judgment action and shall abstain from hearing the same in deference to the resolution of all matters before the County Court at Law #2 of Gregg County, Texas. An appropriate order of dismissal regarding this adversary proceeding will be entered consistent with this memorandum.

Signed on 4/6/2006

*Bill Parker*

THE HONORABLE BILL PARKER
CHIEF UNITED STATES BANKRUPTCY JUDGE